UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PAKENAUTH GEER,

                Plaintiff,

         -against-

CATHERINE H. TABINSKY; AUDREY I.
PHEFFER; RICHARD BROWN,[1]

                Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-6672 (CBA)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 1 - 2015 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

Plaintiff Pakenauth Geer, currently incarcerated at Washington Correctional Facility, in Comstock, New York, brings this pro se complaint under 42 U.S.C. § 1983. Geer's request for in forma pauperis status, pursuant to 28 U.S.C. § 1915, is granted for the limited purpose of this Order. For the reasons set forth below, Geer's complaint is dismissed for failure to state a claim upon which relief may be granted, but the Court grants him leave to amend his complaint as to one of his claims.

## BACKGROUND[2]

In this complaint, Geer makes many of the same allegations he made in a separate lawsuit, which the Court dismissed on January 23, 2014. See Geer v. Pheffer, No. 14-cv-2829 (E.D.N.Y. Jan. 23, 2015), ECF No. 6. The overlapping allegations are: (1) that Audrey Pheffer failed to respond to Geer's Freedom of Information Law ("FOIL") request, (2) that court reporter Catherine C. Tabinsky and others falsified a transcript in his case, resulting in the extension of

---

[1] Geer also names "LT. Edwards," "Leonard H. Beebe," "Officer Chapman," and "Officer McMillan" as additional defendants in the body of his complaint.
[2] Out of an abundance of caution, the Court reads the various papers attached to Geer's pleadings as part of his complaint.

1

his sentence, and (3) that he was wrongfully convicted of murder.[3] (Complaint ("Compl.") at 5.) In his new complaint, Geer makes additional claims. First, he claims that "LT. Edwards" gave him "a penalty for more than 40 days" that resulted from a complaint by "library officer Leonard H. Beebe," who the complaint alleges falsely accused Geer of "curs[ing] him and . . . yelling in the law library." (Id. at 12.) Geer alleges that Edwards singled him out because he has "been filing lawsuit[s] against officer and officials." (Id.) Second, "Officers Chapman and McMillan" ordered "Officer McFarren" to smash Geer's typewriter "at the end of his count on April 26th, 2014." (Id. at 15.) Third, and related to the second, Geer contends that prison officials refused to let Geer pick up a new typewriter he had ordered "because the authorit[ies] do[]n't want [him] to have the typewriter" because that will "prevent [him] from filing lawsuit[s] against officers and officials." (Id. at 21.) Geer, as in his earlier complaints, seeks (1) release from his allegedly illegal imprisonment and (2) money damages totaling $10 million. (Id. at 8.)

## STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that sua

---

[3] Geer raised exactly these claims in still another complaint. See Geer v. Brown, No. 14-cv-6172 (E.D.N.Y. Oct. 20, 2014), ECF No. 1. In that case, the Court also dismissed those claims as res judicata.

2

sponte dismissal of frivolous prisoner complaints, pursuant to the PLRA, is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to construe the plaintiff's pro se complaint liberally and construe it to raise the strongest arguments it fairly suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction is particularly important when a pro se litigant's pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Finally, a pro se complaint should not be dismissed without granting a pro se plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted).

## DISCUSSION

### I. Res Judicata

Geer's claims pertaining to his FOIL requests, the falsification of court transcripts, and his wrongful conviction are barred by the res judicata doctrine and are dismissed. A district court has the power to dismiss pro se complaints sua sponte on res judicata grounds. Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993); see also Rollock v. LaBarbera, 383 F. App'x 29, 30

(2d Cir. 2010) (affirming district court's sua sponte dismissal of complaint on res judicata grounds). Res judicata bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 285 (2d Cir. 2000).

Here, the requirements of res judicata are met. First, a dismissal pursuant to § 1915, although not technically a dismissal on the merits, can "have a res judicata effect on frivolousness determinations" when both the first and second complaint are brought pro se. Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002) (finding that second pro se complaint based on same facts was barred by res judicata where original pro se complaint was dismissed for failure to state a claim under § 1915). The second and third requirements are plainly met. Geer is the plaintiff in both cases, and he brings precisely the same claims in this action that he asserted in the prior action. (Compare Docket Entry 1 with Geer v. Pheffer, No. 14-cv-2829 (E.D.N.Y. Apr. 28, 2014), ECF No. 1.)[4] Accordingly, the FOIL claim, the claim related to transcript-falsification, and Geer's request for release from what he claims is illegal imprisonment based on a wrongful conviction are barred by the doctrine of res judicata. They are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## II. § 1983 Retaliation Claim

Geer's claims pertaining to his punishment for the library incident are dismissed. "To prove a First Amendment retaliation claim under Section 1983, a prisoner must show . . . (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against

---

[4] See also Geer v. Brown, No. 14-cv-6172 (E.D.N.Y. Oct. 20, 2014), ECF No. 1 (bringing same claims).

4

the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009).

Here, there can be little doubt that the first and second prong are met. Geer alleges (1) that he participated in protected conduct, to wit, filing a lawsuit, and (2) that adverse action was taken against him, to wit, the filing of false misbehavior reports against him, which resulted in a "penalty for more than 40 days," (Compl. at 12), presumably a penalty of a sort that would normally deter participation in the protected conduct. See Gill v. Pidlypchak, 389 F.3d 379, 384 (2d Cir. 2004) (finding (1) that use of prison grievance system constituted protected behavior and (2) that false misbehavior reports that led to three weeks in keeplock constituted adverse action). However, Geer has not pleaded any facts as to causation. He simply says that he was singled out for filing "lawsuits against officers and officials." (Compl. at 12.) He does not suggest that the officers who acted against him knew of these lawsuits or indicated in any way that they filed the allegedly false report because of Geer's lawsuits. Accordingly, his claim for retaliation is dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1). However, the Court gives Geer leave to amend this claim to plead facts, if he can, that will satisfy the causation element.

### III. § 1983 Property Deprivation Claim

Geer's typewriter claims must both be dismissed. It is well-established that a due process claim arising from intentional property deprivation is not cognizable under § 1983 if "adequate state post-deprivation remedies are available." Davis v. State of New York, 311 F. App'x 397, 400 (2d Cir. 1999) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). "'New York in fact affords an adequate post-deprivation remedy in the form of, inter alia, a Court of Claims action' pursuant to N.Y. Comp. Codes R. & Regs. tit. 7, § I 700.3(b)(4)." Id. at 400 (quoting Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001)); see also Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir.

1996) (affirming district court's dismissal of inmate's § 1983 claim because "the confiscation of [plaintiff's] eye-glasses did not constitute a Fourteenth Amendment violation for loss of property because of the availability of state court post-deprivation remedies"); Liner v. Fischer, No. 11-cv-6711, 2013 WL 4405539, at *24 (S.D.N.Y. Aug. 7, 2013) (Because New York provides an adequate post-deprivation remedy, the loss or destruction of an inmate's property will not support a deprivation of property claim.).

Here, Geer claims that officers smashed his old typewriter then refused to permit delivery of the new one he ordered. (Compl. at 15, 21.) In other words, he alleges that prison officials deprived him of his property. The existence of an adequate post-deprivation state remedy precludes Geer's due process claim under § 1983, and he therefore cannot state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). The Court notes that nothing in this Order prevents Geer from seeking remuneration for the damage to or deprivation of his property in state court.

## IV. Leave to Amend

Although the Court dismisses Geer's complaint in full, it grants him leave to amend his § 1983 retaliation claim to plead, if he can, the causation element. In the case of his other claims, the Court need not afford Geer an opportunity to amend his complaint because, for the reasons stated above, "the court can rule out any possibility . . . that an amended complaint [on those claims] would succeed in stating a claim." Gomez, 171 F.3d at 796. Should Geer choose to file an amended complaint, he must do so within thirty (30) days of this Order. He is advised that an amended complaint replaces the complaint currently pending before the Court in its entirety and therefore must include all of his claims and factual allegations against all of the defendants against whom he wishes to proceed. He should also be sure to include all defendants at the top

of his complaint. The amended complaint must be captioned "First Amended Complaint" and bear the same docket number as this Order. Lastly, Geer is admonished to cease filing allegations restating the claims now twice dismissed as barred by the doctrine of res judicata. Those claims will meet the same fate if raised again.

## CONCLUSION

Geer's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). However, as stated above, Geer may file an amended complaint as to his § 1983 retaliation claim within thirty (30) days of this Order. If he fails to do so, the Court shall enter judgment as to that claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol Bagley Amon

Dated: Brooklyn, New York
      June 29, 2015

Carol Bagley Amon
Chief United States District Judge